IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ERIC BOWEN, | CV 25-121-BLG-DWM |
| Plaintiff, | |
| vs. | ORDER |
| OFFICER STANLEY, ET AL., | |
| Defendants. | |

On September 26, 2025, Plaintiff Eric Bowen filed a Complaint alleging violations of his constitutional rights at Yellowstone County Detention Facility. (Doc. 2.) The Complaint is dismissed.

Bowen is an inmate proceeding in forma pauperis, so the Court must review his Complaint under 28 U.S.C. §§ 1915 and 1915A. Section 1915A(b) requires the Court to dismiss a complaint filed by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In this instance, a review of the Complaint reveals that the bulk of Bowen's claims are identical to the claims he made in *Bowen v. Stanley, et al.*, CV 25-85-BLG-BMM (dismissed Sept. 16, 2025). Bowen has appealed the dismissal of that case to the Ninth Circuit Court of Appeals, and his opening brief in the

1

appeal is due November 12, 2025. (Doc. 14 at 3 in CV 25-85-BLG-BMM.)

The only claims in the instant Complaint that were not part of Bowen's prior action are also the subject of Bowen's third case in this Court, *Bowen v. Stanley, et al.*, CV 25-132-BLG-BMM. Those claims relate to Defendant Stanley's alleged retaliation against Bowen, due to Bowen's first lawsuit. (Doc. 2-1 at 6 – 8.)

Bowen cannot have two suits proceeding on the same factual allegations in this Court, nor can he pursue a new case in the district court when he has appealed the dismissal of, essentially, the same case, in the Court of Appeals. Moreover, a prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States,* 70 F.3d 1103, 1105 n. 2 (9th Cir.1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).

> "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense [of res judicata] has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste."

*Arizona v. California*, 530 U.S. 392, 412 (2000), supplemented, 531 U.S. 1 (citations omitted).

The Court must construe a pro se litigant's complaint liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), but may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in

2

support of his claim [that] would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F. 3d 1204, 1208 (9th Cir. 2017). No amendment of this Complaint would remedy the fatal flaw of duplicative litigation. Accordingly, this lawsuit will be dismissed. He may proceed on his appeal in the Ninth Circuit of CV 25-85-BLG-BMM, and he may proceed on his new allegations in the district court in CV 25-132-BLG-BMM.

Accordingly, it is HEREBY ORDERED:

1.      Bowen's Complaint is DISMISSED. All pending motions are DENIED as moot. The Clerk is directed to close this matter and enter judgment pursuant to Fed. R. Civ. P. 58.

2.      The Clerk shall note in the docket that this dismissal counts as a strike against Bowen within the meaning of 28 U.S.C. § 1915.

DATED this 30 day of October, 2025.

_____
Donald W. Molloy, District Judge
United States District Court